*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAHIR D. ELDER, M.D., PC,

        Plaintiff,

and

DR. MAHIR ELDER,

        Plaintiff-Appellant,

v

DEBORAH L. GORDON, PLC, doing business as
DEB GORDON LAW and/or DEBORAH GORDON
LAW, and DEBORAH L. GORDON,

        Defendants-Appellees.

FOR PUBLICATION
September 22, 2022
9:00 a.m.

No. 359225
Wayne Circuit Court
LC No. 21-004012-CB

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

SWARTZLE, J.

As we explained in *Tomasik v State*, 327 Mich App 660, 681; 935 NW2d 369 (2019), "centuries of precedent" confirm that a judge cannot be compelled to testify or otherwise answer "on matters of judicial decision-making." Our Legislature has extended this prohibition to arbitrators, see MCL 691.1694, and this alone is fatal to the trial court's order that sought information from the arbitrator in the underlying matter. Accordingly, we reverse.

Dr. Mahir Elder sued his former employer in federal court for wrongful termination and received a large monetary award from the ensuing arbitration proceeding. The award stated that Dr. Elder should receive compensation as calculated by "Chart B," but it then listed the lower monetary amount from "Chart A." Dr. Elder's attorney, Deborah Gordon, apparently did not notice the discrepancy and confirmed the award; that case was then dismissed. When Dr. Elder sued Gordon for legal malpractice, the trial court decided to send a question to the arbitrator to determine whether the arbitrator meant to award Dr. Elder the monetary amount stated in the arbitration award. We reverse.

-1-

Dr. Elder sued Gordon for legal malpractice, alleging that she owed him the difference between the monetary award he received and the Chart B award to which the arbitrator said he was entitled. The record is unclear regarding whether the trial court or Gordon first suggested sending a question to the arbitrator. Multiple hearings were held on the issue, including one on July 19, 2021, for which no transcript exists because the hearing was not recorded. Dr. Elder argued that any such inquiry would be improper because arbitrators, just like judges, cannot be asked to explain their decisions after the fact. The trial court disagreed and ordered the parties to send the following question to the arbitrator:

> Please review your award in the matter of *Elder v Tenet Healthcare* Corporation [sic], JAMS Arbitration Case Reference Number 1345001383, your notes, testimony, charts and exhibits from that matter. After you have reviewed the materials, please confirm whether you intended to award Dr. Elder $5,516,907 in back pay, front pay and exemplary damages, or some other amount.

This Court then granted Dr. Elder's application for leave to appeal. *Dr Mahir Elder v Deborah L Gordon, PLC*, unpublished order of the Court of Appeals, entered November 29, 2021 (Docket No. 359225).

Gordon argues that we should not even address the merits of Dr. Elder's appeal because Dr. Elder lacks standing and he failed to order the transcript for the July 19, 2021, hearing. Both arguments are without merit. Dr. Elder has standing because if the arbitrator stated that the monetary award is accurate it would be adverse to Dr. Elder's malpractice case against Gordon. That potential injury arising out of the trial court's order makes Dr. Elder an aggrieved party. See *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 578; 957 NW2d 731 (2020). Defendant further argues that the trial court's order does not compel the arbitrator to answer, a contention clearly belied by the plain language of the order itself: the order does not offer the arbitrator a choice, and orders of a court must be obeyed even if clearly wrong unless and until vacated or reversed by a higher court. *In re Contempt of Dudzinski*, 257 Mich App 96, 110-112; 667 NW2d 68 (2003). As for the hearing, Dr. Elder has presented evidence that the July 19, 2021, hearing was not recorded and, therefore, no transcript exists. Consequently, Dr. Elder cannot be faulted for failing to comply with MCR 7.210(B)(1)(a).

Turning to the merits of Dr. Elder's appeal, we review discovery orders for an abuse of discretion and questions of statutory interpretation de novo. *Holman v Rasak*, 486 Mich 429, 436; 785 NW2d 98 (2010). Subject to exceptions not at issue on appeal,

> In a judicial, administrative, or similar proceeding, an arbitrator or representative of an arbitration organization is not competent to testify, and may not be required to produce records as to any statement, conduct, decision, or ruling occurring during the arbitration proceeding, to the same extent as a judge of a court of this state acting in a judicial capacity. [MCL 691.1694(4).]

"[C]enturies of precedent" establish that discovery is not available from judicial officers "on matters of judicial decision-making." *Tomasik*, 327 Mich App at 681. "[A] judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *Id*. at 681-682 (quotation

-2-

marks and citation omitted). Black's Law Dictionary defines "testify" as "[t]o give evidence as a witness." *Black's Law Dictionary* (9th ed).

Defendant argues at great length that judges, and by extension arbitrators, are not absolutely precluded from testifying as factual witnesses regarding matters they observed in proceedings over which they presided. Even if that is an accurate assertion, the question to the arbitrator would necessarily compel the arbitrator to provide evidence as a witness explaining her intentions and, therefore, her thought processes.

Furthermore, MCL 691.1694(4) precludes "*any* statement, conduct, decision, or ruling *occurring during* the arbitration proceeding." (Emphasis added.) The plain language of the statute prohibits compelling arbitrators from giving any factual evidence as a witness regarding any statements, conduct, decisions, or rulings that she may have made during the arbitration proceeding.

By asking the arbitrator to explain what she meant to do with her award, the trial court asked her, in effect, to give evidence as a witness and, therefore, to testify about the amount of money she awarded Dr. Elder. This was improper. The arbitrator could have been asked to clarify the factual question at issue in this case before the arbitration award was finalized and that underlying case was dismissed. But to ask the arbitrator a factual question now, in a separate proceeding, would violate MCL 691.1694(4).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Dr. Elder, as the prevailing party, may tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kathleen Jansen